IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ISIDRO F. DELUNA,                          )
                                           )
                Petitioner,                )        No. C 07-2491 CRB (PR)
                                           )
        vs.                                )        ORDER TO SHOW CAUSE
                                           )
BEN CURRY, Warden,                         )        (Docs # 4 & 5)
                                           )
                Respondent.                )
_____            )

        Petitioner, a state prisoner incarcerated at the Correctional Training

Facility in Soledad, California, has filed a pro se petition for a writ of habeas

corpus under 28 U.S.C. § 2254 challenging the California Board of Prison Terms'

("BPT") April 27, 2005 decision to deny him parole.  Petitioner seeks to proceed

in forma pauperis under 28 U.S.C. § 1915.

## BACKGROUND

        On August 29, 1985, petitioner pleaded guilty to second degree murder in

the Superior Court of the State of California in and for the County of Santa Clara

and was sentenced to 15 years to life in state prison.

        Petitioner has been denied parole each time he has appeared before the

BPT.  On September 20, 2006, the Supreme Court of California denied his

habeas challenge to the BPT's decision of April 27, 2005.

**DISCUSSION**

A.    <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  <u>Id.</u> § 2243.

B.    <u>Legal Claims</u>

Petitioner seeks federal habeas corpus relief from the BPT's April 27, 2005 decision to deny him parole.  Among other things, petitioner claims that the decision is not supported by some evidence in the record having an indicia of reliability and that the BPT's continued denial of parole has amounted to a breach of his plea agreement.  Liberally construed, petitioner's claims appear colorable under § 2254 and merit an answer from respondent.  <u>See</u> <u>Sass v. Cal. Bd. of Prison Terms</u>, 461 F.3d 1123, 1127-29 (9th Cir. 2006) (finding that refusal to set parole date for prisoner with 15-to-life sentence implicated prisoner's liberty interest in release on parole which cannot be denied without adequate procedural due process protections).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.    Petitioner's request to proceed in forma pauperis (docs # 4 & 5) is GRANTED.

2.    The clerk shall serve by certified mail a copy of this order and the petitions and all attachments thereto on respondent and respondent's attorney, the

2

Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

3.    Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

4.    If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

SO ORDERED.

DATED:  August 29, 2007

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.07\Deluna1.osc.wpd

3