Case 3:07-cv-02491-CRB    Document 8-4    Filed 10/26/2007    Page 1 of 9

# EXHIBIT 3

LIFE PRISONER EVALUATION
SUBSEQUENT PAROLE CONSIDERATION HEARING
MARCH 2005 CALENDAR

DE LUNA, ISIDORO                                                                D-16017

I.   COMMITMENT FACTORS:

   A.   LIFE CRIME:

   Penal Code (PC) 187, Murder Second Degree with PC 12022.5, Use of Weapon in Commission of a Felony. Santa Clara County Superior Court Case Number 101944. Sentence: 15 years to Life plus two year enhancement for PC 12022.5 to run consecutive, for a total term of 17 years to Life. Weapon: Rifle. Victim: Fernando Renteria (age 41). Minimum Eligible Parole Date (MEPD): 11/05/95.

   1.   Summary of Crime:

   On 07/07/85 police were dispatched to Rosita's Restaurant & Bar located at 95 East 3rd Street, Morgan Hill, California, on a report of shots being fired. Upon their arrival, police encountered several people in front of the restaurant. The officers were informed that the persons responsible for the shooting had fled the area. Officers observed the victim, Fernando Renteria, lying face down, in a pool of blood on the porch of the restaurant. The victim was transported to Santa Teresa Hospital where he was pronounced dead from multiple gunshot wounds. Several witnesses were interviewed at the scene and reported that there had been an argument at Rosita's between the defendant, the victim and his friends. The argument ended and the respective parties resumed drinking at the bar. The defendant and his friends left the bar and, after awhile, so did the victim and his friends.

   When the victim was about to enter his vehicle, the defendant, while driving a white car, circled him. The defendant and his passenger were each observed to be holding rifles and shooting at the victim. The victim was seen falling, and bleeding from the shoulder. He got up and walked around to the other side of his car and began yelling at the defendant, "Go ahead and kill me!" Another shot was fired, striking the victim in his face. The victim continued to walk around his car, spitting blood and teeth fragments. The victim walked across the parking lot towards a stack of wooden boxes. The defendant tracked the victim in his car and fired another shot, which struck a gas pump. The victim continued to walk along the wooden boxes and calling for his brother Jesus. As the victim continued to wander around the parking lot, the defendant continued to pursue him in his car. The victim began to run between the boxes and was then shot in the back. The victim ran back across the parking lot towards his car and then to the restaurant which he attempted to enter, but the door was locked. The victim then collapsed on the porch.

As the defendant fled the area, another shot was fired in the direction of the bar and hit a pickup truck parked in front of the restaurant. Witnesses then observed shots being fired from the defendant's vehicle at an oncoming car, driven by Ms. Nagy. She provided the police with a description of the defendant and a vehicle license number. The police traced the license to a 1976 Pontiac Coupe, registered to the defendant.

Officers proceeded to the defendant's residence which was a ranch with two single-family units and two mobile home trailers on the property. The officers approached a group of men outside the rear of a trailer. One male, subsequently identified as the defendant, was questioned first because he closely resembled the description given by witness Nagy. When asked his name, he replied "Fernando Hernandez". The defendant became impatient and attempted to leave. Questioning of the group continued and the defendant became more and more impatient and again attempted to leave. An officer grabbed the defendant by the arm, but he pulled away and attempted to run. After a physical struggle, the defendant was handcuffed and taken into custody.

2. Prisoner's Version:

DeLuna admits committing the crime. He stated that he had been drinking all day and does not remember all of the details. He stated that he knew some of the details, but was confused and doesn't know if he remembered them from being present or from hearing them in court.

3. Aggravating / Mitigating Circumstances:

a. Aggravating Factors:

- The crime involved great violence and bodily harm resulting in the death of one person. DeLuna was armed and used a weapon at the time of the commission of the crime.
- During the commission of the crime, DeLuna had a clear opportunity to cease, but instead continued.
- The manner in which the crime was committed created a potential for serious injury to persons other than the victim.
- Use of a weapon (rifle).
- The nature of the crime exhibited viciousness and callousness.

b. Mitigating Factors:

- DeLuna has a minimal or no history of criminal behavior.

B. MULTIPLE CRIME(S):

N/A

Life Prisoner Evaluation
Subsequent Parole Consideration Hearing
03/2005
Page 3

II. PRECONVICTION FACTORS

    A. JUVENILE RECORD:

    None.

    B. ADULT CONVICTIONS AND ARRESTS:

    The instant offense is DeLuna's only adult conviction.

    C. PERSONAL FACTORS:

    DeLuna is one of seven children born to the union of Pablo DeLuna and Soledad Fernandez. He is a legal alien from Mexico who was steadily employed as a field laborer until the instant offense. I 1979 DeLuna was married to Rosa DeLuna and has fathered no children. They were divorced and DeLuna is now married to Juana Perez DeLuna.

III. POSTCONVICTION FACTORS

    A. SPECIAL ACCOMMODATIONS/DISABILITY:

    DeLuna has no disability and requires no special accommodations.

    B. CUSTODY HISTORY:

    DeLuna arrived at the California Men's Colony-East (CMC-E) on 05/20/04 from Correctional Training Facility (CTF) as a Medical & Return (MED/RTN) inmate per CDC 128-C dated 04/28/04; a Chief Medical Officer (CMO) to CMO agreement for surgical evaluation and treatment for MED/RTN to CTF-II. DeLuna was not placed on the Work Waiting List (W/L) as he is a MED/RTN. He is currently in Work Group/Privilege Group (WG/PG) A1/A with an effective date of 12/20/85.

    C. THERAPY & SELF-HELP ACTIVITIES:

    Prior to his medical transfer, DeLuna participated in Alcoholics Anonymous (AA), Project Change and The Impact Program, while housed at CTF. CDC 128-B dated 10/01/04 commends DeLuna on his participation in Personal Growth Seminars (PGS).

DE LUNA, ISIDORO    D-16017    CMC-East    03/2005    mb

Life Prisoner Evaluation
Subsequent Parole Consideration Hearing
03/2005
Page 4

    D.    DISCIPLINARY HISTORY:

DeLuna has the following CDC 128-A's dated 04/25/04 for Delaying Lock-Up and 05/02/98 for Hair Grooming Standards.

    E.    OTHER:

At DeLuna's last Board of Prison Terms (BPT) Subsequent Hearing on 03/27/02 he received a three year denial of parole. The Board recommended that he upgrade vocationally and educationally, participate in self-help and therapy and remain disciplinary free.

IV.    FUTURE PLANS

    A.    RESIDENCE:

DeLuna's parole plans have not changed since his last BPT report in that if paroled, he plans to reside with his wife, Juana Perez DeLuna, at 7191 Eagleberry Street, Unit G in Gilroy, Califronia 95020. Telephone number (408) 874-6044. If paroled to Mexico, DeLuna plans to reside with his mother and father at Col. Modelo Fresnillo, Zac, Mexico.

    B.    EMPLOYMENT:

In either case, his employment plans are to do ranch work, specifically tractor work for Joe Aiello (farmer) in Morgan Hill, California. DeLuna has a United States Immigration and Naturalization Service (USINS) Hold, Warrant Number A3744511. Letters of support are pending.

    C.    ASSESSMENT:

No foreseeable problems with DeLuna's parole plans.

V.    USINS STATUS:

Isidoro DeLuna is a legal alien from Mexico.

VI.    SUMMARY

    A.    Per memorandum dated 08/05/04; Subject: Temporary Elimination of the 'Risk of Threat Assessment' in the model Board Report it is no longer required to complete VI-A.

    B.    Prior to release the prisoner could benefit from maintaining a disciplinary free record and participating in self-help and therapy groups.

DE LUNA, ISIDORO    D-16017    CMC-East    03/2005    mb

Life Prisoner Evaluation
Subsequent Parole Consideration Hearing
03/2005
Page 5

    C.    This Board Report is based upon a one hour, personal interview with DeLuna on 11/20/04 and approximately two hours spent reviewing his Central File. DeLuna was afforded an opportunity to review his Central File on 11/20/04, at which time he declined.

    D.    Accommodation required for effective communication per the Armstrong vs. Schwarzenegger Board of Prison Terms (BPT) Parole Proceedings Remedial Plan: Correctional Officer T. Rodriguez acted as staff assistant and interpreter throughout the entire interview as DeLuna is Spanish speaking only.

Prepared by:

*[signature]*

M. W. Marsden
Correctional Counselor I
B-Quad


Reviewed by:

*[signature] R. Wimmer CCII(A)*

J. L. Ruano
Correctional Counselor II
B-Quad


DE LUNA, ISIDORO    D-16017    CMC-East    03/2005    mb

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                ARNOLD SCHWARZENEGGER, GOVERNOR

**DIVISION OF ADULT INSTITUTIONS**
*CORRECTIONAL TRAINING FACILITY*

P.O. Box 686
Soledad, CA 93960



## DECLARATION OF CUSTODIAN OF RECORDS

I declare as follows:

I am a _____Staff Services Analyst_____ employed by the California Department of Corrections and Rehabilitations (CDCR) at the Correctional Training Facility (CTF) in Soledad, California. In my capacity, I am an authorized custodian of records and/or other qualified witness, and have authority to certify these records as true and correct.

Except where based on information and belief, I have personal knowledge of the facts as set forth in this declaration.

Inmate records are kept in the regular course of business by all CDC institutions by means of reports and entries in the Central File and/or local BPT files. These reports and entries pertaining to an inmate are prepared at or near the time of their occurrence by persons with knowledge of the circumstance or events.

The documents attached hereto are true and correct copies of the documents from the file(s) of ___D16017 Isidro DeLuna_____. They represent the latest information received in written form. They may be outdated as the result of new or revised information, which has not been received or filed.

I declare under penalty of perjury that the foregoing is true, and that if called as a witness, I would so testify.

Executed on _____October 3, 2007_____, at Soledad, California.
                        Date

By: _____
          Signature

_____Sylvia Blueford_____
          Printed name

**Pedevilla, Sharon A.**

10/1

| | |
|---|---|
| **From:** | Sally Stevens [Sally.Stevens@doj.ca.gov] |
| **Sent:** | Friday, September 14, 2007 10:33 AM |
| **To:** | Hatt, Julian; Pedevilla, Sharon A. |
| **Cc:** | Stacey Schesser |
| **Subject:** | SF2007200705 (De Luna, Isidro F. v. Ben Curry, Warden) |

Julian/Anne: Please fill the attached document request by 10/1/07. Many thanks.
*************************************************************************
To: Litigation Coordinator, CTF

RE: Isidro Fernandez DeLuna
CDCR # D-16017  DATE: September 14, 2007

Please Provide a Declaration by the Custodian of Records/Litigation Coordinator Certifying the Records Requested


SUMMARY OF CASE:   Parole/BPH and Lifer Habeas - Petitioner challenges the results of his 4/2005 parole hearing.

√ CASE SUMMARY:X CHRONOLOGICAL SUMMARY (112)
√ X LEGAL STATUS SUMMARY
√ X MOVEMENT PRINT OUT (KMHQ)
√ X PROBATION REPORT, Commitment offense
√ X ALL POLICE AND AUTOPSY REPORTS
√ X INSTITUTIONAL STAFF RECOMMENDATION SUMMARY


LEGAL DOCUMENTS:
√ X ENTIRE LEGAL SECTION


DISCIPLINARY DOCUMENTS:
√ X ENTIRE DISCIPLINARY SECTION


PAROLE
ANY AND ALL DOCUMENTS RE: 4/2005 PAROLE SUITABILITY HEARING, INCLUDING, BUT NOT LIMITED TO
  √ X  -BPT 1000  PRISONER PAROLE CONSIDERATION WORKSHEET
  √ X  -BPT 1000A    SETTING A TERM - PAROLE DENIED
  N/A X -BPT 1000B    SETTING A TERM - PAROLE GRANTED
  √ X  -BPT 1001     PRISONER DECISION  FACE SHEET
  √ X  -BPT 1002     LIFE PRISONER - PAROLE HEARING NOTICE
  N/A X -BPT 1002A    LIFE PRISONER - PROGRESS REVIEW HEARING NOTICE
  √ X  -BPT 1004     LIFE PRISONER POST CONVICTION PROGRESS REPT.
  √ X  -BPT 1005     PAROLE CONSIDERATION PROPOSED DECISION
  N/A X -BPT 1009     LIFE PRISONER - DOCUMENTATION HEARING
  N/A X -BPT 1014     COMPLETE LIFE PRISONER- PAROLE DECISION
  N/A X -BPT 1008     LIFER PAROLE HEARING DOCUMENT CHECKLIST
  √ X  -            THE BOARD OF PRISON TERMS REASONABLE ACCOMMODATION NOTICE
  √ X  -         LIFE PRISONER EVALUATION - ALL HEARINGS

Logged

9/14/2007



```
X -    PSYCHIATRIC/PSYCHOLOGICAL EVALUATION - ALL HEARINGS
X -    GOVERNOR'S DECISION, IF ANY
X -    ALL LETTERS FOR AND AGAINST PAROLE
```

PLEASE SEND THESE DOCUMENTS NO LATER THAN    10/1/07

BY:  OVERNIGHT EXPRESS

Send to:

Sally E. Stevens
Senior Legal Analyst
Office of Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
Tel: (415) 703-5730
Fax: (415) 703-5843


20104604.wpd

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

9/14/2007